IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEREMY RAMSELL, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MA LABORATORIES, INC., | ) | JURY TRIAL DEMANDED |
| CHRISTINA TAY, and | ) | |
| CHRISTY YEE | ) | COLLECTIVE CERTIFICATION |
| | ) | SOUGHT |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Jeremy Ramsell(hereinafter "Plaintiff"), and files this lawsuit against Defendants MA Laboratories, Inc., Christina Tay, and Christy Yee (hereinafter collectively "Defendants"), and shows the following:

### I. **Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  Plaintiff brings this action as the representative party for all similarly situated employees of MA Laboratories, Inc.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant MA Laboratories, Inc. is a California corporation doing business in Georgia, and the unlawful employment practices described herein occurred at 5675A Oakbrook Parkway, Norcross, Georgia 30093. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a resident of the State of Georgia, residing at 1806 Hunters Club Lane, Norcross, Georgia 30093.

6.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

7.

Plaintiff performed non-exempt labor for the Defendants within the last three years.  Plaintiff was not paid on a salary basis.

8.

Defendants employed the named Plaintiff during the relevant time period.

9.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

10.

Defendant MA Laboratories, Inc. is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of FLSA § 3(r) and (s), 29 USC § 203(r) and (s), and its gross revenues exceed $500,000 per year.

11.

Defendant MA Laboratories, Inc. can be served with process by delivering a copy of the Summons and Complaint to its agent Abraham Ma, 2075 North Capitol Avenue, San Jose California 95132.

12.

Defendant Christina Tay (hereinafter "Tay") was Plaintiff's supervisor who had discretion over Plaintiff's payroll and overtime compensation.  Defendant Tay works both directly and indirectly in the interest of MA Laboratories, Inc. and was in a supervisory position over the named Plaintiff.

13.

Defendant Christy Yee (hereinafter "Yee") is the Human Resources Manager over the entire office of MA Laboratories, Inc.  Defendant Yee had discretion over Plaintiff's payroll and overtime compensation.  Defendant Yee acts both directly and indirectly in the interest of MA Laboratories, Inc. and was in a supervisory position over the named Plaintiff.

14.

Defendant Tay can be served with process by delivering a copy of the Summons and Complaint to her home address at 2045 Sugarloaf Club Drive, Duluth, Georgia 30097-4098.

15.

Defendant Yee can be served with process by delivering a copy of the Summons and Complaint to her home address at 893 Water Walk 4, Milpitas, California 95035-8731.

16.

Defendants MA Laboratories, Inc., Tay and Yee are "employers" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

17.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

IV. **Facts**

18.

Defendants hired Plaintiff in October 2006 as an Inside Sales Representative. His duties included contacting clients and prospective clients by email and telephone from the Georgia MA Laboratories, Inc. office.

19.

While Plaintiff was an Inside Sales/Account Manager, he often worked over forty (40) hours every week. He also ate lunch at his desk on many occasions.

Despite working over forty (40) hours almost every week, he was not compensated for any overtime work.

20.

During Plaintiff's employment with Defendants, Defendants' company-wide policy was to reduce pay by the amount of the average hourly earnings for each hour lost by the employee in a short workweek.

21.

Because Plaintiff's pay was reduced by the amount of the average hourly earnings for each hour lost by the Plaintiff in a short workweek, Plaintiff was employed at an hourly rate of pay and was not paid a salary.

22.

During Plaintiff's employment with the Defendants, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

### V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

23.

During the period from July 2007 until February 2010, Defendant Tay willfully employed Plaintiff in the aforesaid enterprise for workweeks longer than forty (40) hours and failed to compensate him in excess of forty (40) hours per

week at a rate of at least one and one half times his regular rate at which he was employed, contrary to § 7 of the FLSA, 29 USC § 207.

24.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

25.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### VI.   Collective Action Certification

26.

The class is so numerous that joinder of all members is impracticable.

27.

There are questions of law or fact common to the class.

28.

The claims or defenses of the representative parties are typical of the claims or defenses of the class.

29.

The representative party will fairly and adequately protect the interests of the class.

30.

Questions of law or fact common to all members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### VII.  Prayer for Relief

31.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant class certification;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 21st day of July, 2010.

**BARRETT & FARAHANY, LLP**

/s/ Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135
Attorney for Jeremy Ramsell

1401 Peachtree Street
Suite 101
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile